IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROY A. DAY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1566-LPS |
| STEVE E. IBISON, | : |
| Defendant. | : |

Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 8, 2013
Wilmington, Delaware

*[handwritten initials]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Roy A. Day ("Plaintiff") resides in Tarpon Springs, Florida. He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

## II. BACKGROUND

Plaintiff is a resident of the State of Florida. Plaintiff was employed at a Wal-Mart store in Hudson, Florida when, in 2009, a co-worker accused him of stalking her. Plaintiff's employment was terminated and he was arrested by the Pasco County Sheriff's Office. He was charged with criminal misdemeanor stalking, *State v. Day*, Crim. No. 09-4772MMAWS, tried, convicted, and sentenced to 300 days in the Pasco County Detention Center. *See In re Roy Day Litigation*, 2011 WL 550207, at *2 (M.D. Fla. Feb. 9, 2011). Plaintiff has filed seven lawsuits in this Court, all related to the criminal misdemeanor case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. This is one of the seven cases.

Pursuant to 28 U.S.C. § 1915(e), this Memorandum Opinion and Order screens the instant Complaint filed against F.B.I. agent Steve B. Ibison ("Ibison"), special agent-in charge of the Tampa, Florida F.B.I. office, for alleged violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985.[1] Plaintiff alleges that Ibison failed to conduct an investigation or contact him following his December 3, 2010 letter of complaint to the F.B.I., by which Plaintiff sought an investigation for alleged false imprisonment in the Pasco

---

[1]On November 26, 2012, Plaintiff filed two lawsuits in this Court: the instant lawsuit and another against the State of Florida, Civ. No. 12-1567-LPS, which Plaintiff sets forth as a criminal appeal of the stalking conviction. That case is the subject of a separate screening order.

1

County Detention Center and alleged criminal conduct by various officials. (*See* D.I. 3) Plaintiff also alleges that Ibison engaged in conspiracy with unnamed agents, servants, co-conspirators, and employees of the United States Government.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts

3

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Vexatious Litigant

On December 15, 1995, a recommendation was filed in the United States District Court for the Middle District of Florida ("Florida District Court") recounting in detail Plaintiff's history of vexatious and abusive litigation.[2] *See In re Roy Day Litigation*, 976 F. Supp. 1455 (M.D. Fla. 1995). On December 18, 1995, the presiding district judge adopted the recommendation and an Order was entered that provides for screening and the imposition of a sanction of not less than $1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. *See In re Roy Day Litigation*, Case No. 95-143-MISC-J (M.D. Fla. Dec. 11, 1995) at D.I. 1. Plaintiff continued filing and, as a result of four attempted frivolous filings, $4,000 in sanctions were imposed. *See In re Roy Day Litigation*, 2011 WL 550207, at *1. Undeterred by the sanctions, Plaintiff continued to file complaints. *Id.* This resulted in an order directing the Clerk of Court to not accept any filings from Plaintiff until he satisfies the monetary sanctions. *Id.* Thereafter, Plaintiff began filing his lawsuits in this Court, in an apparent effort to avoid the effect the Florida sanctions have upon his efforts to file lawsuits there.[3]

---

[2] Plaintiff has also been found to be a vexatious litigant by the United States Supreme Court and the District Court of Appeal of Florida, Second District. *See Day v. Day*, 510 U.S. 1 (1993); *Day v. Vinson*, 713 So. 2d 1016 (Fla. Dist. Ct. App. 1998).

[3] Although the case Day filed here is not properly venued in the District of Delaware, the Court may not dismiss the case *sua sponte* on the grounds of improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

4

### B. 42 U.S.C. § 1983

Plaintiff attempts to raise a claim pursuant to 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Accordingly, Plaintiff's Complaint must allege that Ibison took actions, under state authority, that deprived him of the protections of a statute or the Constitution. This he has failed to do.

The Complaint does not allege that Ibison was acting under the color of state law in failing to investigate Plaintiff's December 3, 2010 complaint. Instead, the claim is raised against Ibison, who as an F.B.I. agent is a federal actor. Because Ibison is not a State actor, the § 1983 claims raised against him are not cognizable.

### C. 42 U.S.C. § 1985

Plaintiff alleges, in a conclusory manner, that Ibison conspired with unnamed agents, servants, co-conspirators, and employees of the United States Government. He relies upon 42 U.S.C. § 1985 in raising the claim. The Complaint does not indicate under which section of the statute the claim is raised.

Section 1985(1) prohibits conspiracies to prevent individuals from holding office or discharging official duties. Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witnesses who have testified, or attempting to influence or injure grand or petit jurors. Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law." The Supreme Court has interpreted the language of § 1985(3) as "requiring that the conspirators'

actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). "[I]ntent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726.

The Complaint does contain sufficient facts or allegations to support a claim under any of § 1985's three sections. Nor does the claim meet the pleading requirements of *Iqbal* and *Twombly*.

### D. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Plaintiff seeks to challenge his conviction and/or confinement, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

## V.     CONCLUSION

For the above reasons, the Court will dismiss the complaint without prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). All pending motions (D.I. 5, 7) will be denied as moot.

An appropriate Order follows.